UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-108-KSF

DOCK WILDER                                                               PLAINTIFF

v.                                **OPINION & ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security                                          DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Dock Wilder, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for period of disability and disability insurance benefits ("DIB"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Wilder filed his claim for DIB on April 2, 2004, alleging an onset date of October 25, 2003 [TR 56]. After a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on September 23, 2006 [TR 16]. Wilder subsequently requested review by the Appeals Council. The Appeals Council declined Wilder's request for review on April 11, 2008 [TR 8]. Wilder has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

At the time the ALJ rendered his decision, Wilder was 45 years old [TR 56]. Wilder attended school through the eighth grade [TR 77]. He has past relevant work experience as a coal miner [TR 79]. Wilder claims that he became unable to work as a result of a work injury which occurred on

1

October 25, 2003 while working in the coal mines. Specifically, he claims that he suffers from disabling back and leg pain, anxiety, and depression [TR 71]. In support of his application for benefits, Wilder points generally to the medical records from his treating physicians, Dr. Mukat Sharma and Dr. Richard Lindgren, as evidence that he is disabled and unable to return to work.

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1) If the claimant is currently engaged in substantial gainful activity, he is not disabled.

(2) If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.

(5) Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine

if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

In this matter, the ALJ first noted that Wilder meets the insured status requirements of the Social Security Act and thus is eligible to apply for DIB benefits [TR 18]. Then, the ALJ began his analysis at step one by determining that Wilder engaged in substantial gainful activity from October 25, 2003 through March 2004, but that he has not engaged in any substantial gainful activity since that date [TR 18]. At step two, the ALJ found that Wilder suffers from the severe impairments of status-post tibia/fibula fracture of the left leg with open reduction internal fixation and delayed union; chronic low back pain due to degenerative disc disease of the lumbar spine with disc bulges at L4/5, L5/S1; and osteoarthritis of the left knee [TR 18]. Continuing on to the third step, the ALJ determined that these impairments or combination of impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments [TR 19].

At the fifth and final step, the ALJ found that Wilder has the residual functional capacity ("RFC") to perform the exertional and nonexertional demands of light and sedentary work with a sit/stand option, no standing/walking in excess of 45 minutes at a time without interruption; standing a total of 2 hours per 8-hour day; walking 2 hours per 8-hour day; sitting 6 hours per 8-hour day; not requiring climbing of ropes/ladders/scaffolds, operation of foot pedal controls with the left leg, kneeling or crawling; and involving occasional climbing of stairs/ramps, bending stooping and crouching [TR 19]. An RFC is the assessment of a claimant's maximum remaining capacity to

3

perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1).

Based on this RFC, the ALJ found that Wilder is unable to return to his past relevant work as a coal miner [TR 20]. Considering the testimony of the Vocational Expert ("VE"), the ALJ found that Wilder is capable of making a vocational adjustment to other work. The ALJ noted that under the Medical-Vocational Guidelines, if Wilder were capable of performing a full range of sedentary or light work, a finding of not disabled would be mandated. However, because his ability to perform a full range of sedentary or light work is limited by some exertional limitations, the ALJ relied on the VE's testimony that given Wilder's age, education, past relevant work experience and RFC, Wilder maintains the capacity for limited sedentary or light work that exists in a significant number in the economy [TR 21]. Consequently, the ALJ determined that Wilder was not disabled within the meaning of the Social Security Act [TR 21]

The ALJ's decision that Wilder is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied his request for review on April 11, 2008 [TR 8]. Wilder has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## II. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards.

*See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## III. ANALYSIS

On appeal, Wilder argues that the ALJ's determination was not based on substantial evidence or decided by the proper legal standards. First, Wilder argues that the ALJ failed to accord appropriate weight to the disabling opinion of his treating doctors, Dr. Sharma and Dr. Lindgren. Next, Wilder argues that the ALJ erred by failing to include his anxiety and depression in his RFC. Finally, Wilder makes several conclusory arguments, including: (1) failure of the ALJ to consider the combined effects of his impairments, (2) his impairments are severe enough to meet a listed impairment; (3) the ALJ's credibility finding ignored his testimony; and (4) failure of the ALJ to consider whether he could maintain a job for a significant period of time. For the reasons set forth below, the Court rejects Wilder's arguments and concludes that the ALJ's decision was based on substantial evidence and decided by the proper legal standards.

## A. OPINIONS OF TREATING PHYSICIANS

It is well established that the findings and opinions of treating physicians are entitled to substantial weight. "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Comissioner of Social Security*, 127 F.3d 525, 530-31 (6th Cir. 1997); *see also Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)("The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference"). Likewise, a treating physician's opinion is entitled to weight substantially greater than that of a non-examining medical advisor. *Harris*, 756 F.2d at 435. If a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," the opinion is entitled to controlling weight. 20 C.F.R. § 404.1527(d)(2); *see also Walters*, 127 F.3d at 530.

The Social Security regulations recognize the importance of longevity of treatment, providing that treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. . . ." 20 C.F.R. § 404.1527(d)(2). Thus, when weighing the various opinions and medical evidence, the ALJ must consider other pertinent factors, such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence and its consistency with the record as a whole. 20 C.F.R. §

404.1527(d)(2)-(6); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). In terms of a physician's area of specialization, the ALJ must generally give "more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(d)(5).

In the Sixth Circuit, however, a treating source opinion should be given controlling weight only when it is well-supported by clinical and laboratory findings, and is consistent with other evidence of record. *Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984); *Crouch v. Secretary of Health and Human Services*, 909 F.2d 852, 856 (6th Cir. 1990); *see also*, 20 C.F.R. §§ 416.927(b), (d)(2), (3)-(4). The Commissioner is not bound by a mere conclusory statement of a treating physician, particularly where it is unsupported by detailed, objective criteria and documentation. *See Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). In other words, the supportability of a treating physician's opinion depends on the degree to which the source presents relevant evidence to support the opinion, and in particular, support the opinion with medical signs and laboratory findings. 20 C.F.R. §§ 416.927(a), (d)(3). "It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, *2 (1996).

In *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004), the Sixth Circuit held that if an ALJ declines to accord controlling weight to a treating physician opinion, the ALJ must give good, specific reasons for the weight accorded the opinion. *Id*. at 544. This is essentially a procedural safeguard, ensuring that a claimant understands the disposition of his case, and that the

ALJ applied the treating physician rule so as to provide meaningful judicial review of that application. *Id*. at 544-45.

Wilder argues that the ALJ erred by rejecting the opinions of Dr. Sharma and Dr. Lindgren, who both opined that he is disabled. Specifically, he points to medical records from March and September 2004 where Dr. Sharma checked a box on a form indicating that Wilder was unable to work, and also noted in an April 2004 progress note that "I don't think he will be able to go back to work" [TR 259, 267-68]. He also relies on a May 2, 2006 note on a piece of paper from Dr. Lindgren's prescription pad that Wilder was totally disabled and unable to work [TR 473]. Yet, Wilder points to no other medical records or objective medical findings which support these opinions. The great weight afforded to treating physicians is predicated on a treating source opinion being well-supported by detailed objective medical documentation. *See* 20 C.F.R. § 404.1527(d)(2); *Cohen v. Sec'y of Health and Human* Serv., 964 F.2d 524, 528 (6th Cir. 1992). While the medical records of Dr. Sharma and Dr. Lindgren do document a continuing course of treatment for Wilder's leg and back pain, the record simply lacks detailed objective medical findings to support their opinions. Moreover, the medical records of these treating physicians occasionally contradict their own opinions. A review of Dr. Sharma's records reveal that in February 2004, he advised Wilder that the only thing he had to avoid was crawling [TR 271]. At least twice in his notes, Dr. Sharma indicated that Wilder "hardly had a limp" (February 2004) and "he is not limping at this point" (August 2004) [TR 261, 271]. In fact, in a treatment note dated July 11, 2005, Dr. Sharma implied that Wilder could do some type of work, noting: "As far as his work, he used to work underground. I do not think he can do the same job he has been doing before" [TR 467].

8

With respect to Dr. Lindgren, the ALJ noted several substantial inconsistencies in his records. For instance, the ALJ explained that "Dr. Lindgren read MRIs as showing disc 'herniations' at L4/5, L5/S1 when they actually showed small disc 'protrusions'" and "stated on January 31, 2006 (immediately after the MRIs were taken) that there was <u>no</u> myelopathy, then stated on one of the disability forms that there <u>was</u> myelopathy" [TR 20].

Moreover, the conclusory opinions of Dr. Sharma and Dr. Lindgren are inconsistent with the September 2004 opinion from Dr. Bart J. Goldman [TR 250] and a July 2006 opinion from Dr. Lauren Briley [TR 474]. Dr. Goldman examined Wilder and reviewed his medical and diagnostic tests. Dr. Goldman opined that Wilder could perform a seated job [TR 256]. Additionally, Dr. Lauren Briley also examined Wilder and opined that Wilder had no limitations in lifting and has the ability to perform activities involving sitting, standing, and moving about [TR 476].

Finally, the ALJ found that although Wilder's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, . . . [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Specifically, the ALJ considered the following statements by Wilder when evaluating the medical evidence: (1) that he does not work because his wife draws disability and "[s]he would lose her SSI" if he had a good job [TR 19, 562]; (2) that he was stable on his medicine regimen and stable with his activities of daily living [TR 19, 374]; and (3) that his occupation was "working on disability" and that his hobby was woodworking [TR 19, 382].

Given the lack of detailed objective findings to support Dr. Sharma and Dr. Lindgren's conclusory opinions, the opinions from Dr. Goldman and Dr. Briley that Wilder is not totally disabled, and the ALJ's determination that Wilder was not entirely credible, the ALJ acted within

9

his authority by not giving any special deference to these treating physicians. By explicitly addressing both Dr. Sharma and Dr. Lindgren's opinions and setting forth good reasons for not according them controlling weight, the ALJ fully complied with the procedural safeguards set out in the regulations and *Wilson*. For these reasons, the ALJ did not err in failing to accord the opinions of Dr. Sharma and Dr. Lindgren controlling weight.

B.     **ANXIETY AND DEPRESSION**

The next issue before the Court is whether or not the ALJ erred by failing to include anxiety and depression in Wilder's RFC. Wilder points to a reference in Dr. Lindgren's report that he suffers from "anxiety" and "depression" [TR 454]. Dr. Lindgren, however, never treated Wilder for any mental condition or disorder. This one-time reference to "anxiety" and "depression" does not satisfy Wilder's burden of establishing his RFC, *Her v. Apfel*. 203 F.3d 388, 391-92 (6th Cir. 1999), and he has failed to establish any functional limitation resulting from the alleged diagnosis. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition); *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988)(a claimant diagnosed with dysthymic disorder must nevertheless establish that the condition was disabling). There is simply no evidence in the record that Wilder's alleged anxiety and depression caused any mental work-related limitations. Accordingly, the ALJ did not err by failing to include any work-related limitations based on Wilder's alleged "anxiety" and "depression" in his RFC.

C.     **WILDER'S REMAINING CLAIMS**

Finally, Wilder briefly argues that the ALJ erred on four additional grounds. First, he contends that the ALJ failed to consider the combined effect of his impairments. However, the ALJ specifically considered the "combination of impairments" when determining that Wilder did not

meet any listing [TR 19]. This circuit has specifically held that "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health and Human Serv.*, 901 F.2d 1306, 1310 (6th Cir. 1990)(quoting *Gooch v. Sec'y of Health and Human Serv.*, 833 F.2d 589, 592 (6th Cir. 1987).

Next, Wilder argues that his impairments are severe enough to meet a listed impairment in 20 C.F.R., pt 404, subpt. P, app. 1. However, Wilder fails to identify which listed impairment he allegedly meets. The burden is on Wilder to demonstrate that his condition meets a listed impairment, *see Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001), and he has failed to show that he meets all of the specified medical criteria for any listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Third, Wilder challenges the ALJ's credibility finding by claiming that the ALJ ignored his testimony. The ALJ, however, discussed Wilder's testimony in his decision, and discounted his subjective complaints [TR 19]. It is within the province of the ALJ to resolve conflicts in the evidence and decide questions of credibility. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). Wilder has not offered any specific testimony that should have been considered credible, and has failed to dispute the ALJ's reasons for rejecting his testimony. Inasmuch as Wilder has failed to explain how the ALJ's credibility finding was not supported by substantial evidence, the Court will not disturb the ALJ's credibility finding.

Finally, Wilder argues that the ALJ failed to consider whether he could maintain a job for a significant period of time. In making this argument, Wilder relies on *Gatliff v. Comm'r of Soc.*

*Sec.*, 172 F.3d 690 (9th Cir. 1999). *Gatliff* held that "substantial gainful activity" means not only the ability to find a job and physically perform the same, but also the ability to hold a job for a significant period of time. *Id*. at 694. This Court, however, rejected the holding in *Gatliff* in *Garland v. Astrue*, London Civil Action No. 07-181-DLB, 2008 WL 2397566 (E.D. Ky. Jun. 10, 2008). There, the Court noted that "[i]mplicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of maintaining employment." *Id*. at *6. In this case, the RFC assigned to Wilder also implies that he can maintain a job so long as the listed limitations are allowed. Wilder has failed to explain why an individual with his RFC would be unable to maintain employment. Accordingly, the Court rejects this argument.

## IV. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS**:

(1) the plaintiff's motion for summary judgment [DE #8] is **DENIED**;

(2) the Commissioner's motion for summary judgment [DE #9] is **GRANTED**;

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards; and

(4) a judgment will be entered contemporaneously with this Opinion and Order.

This March 12, 2009.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**